T.C. Memo. 2009-47

UNITED STATES TAX COURT

PATRICIA ANN HORSLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4853-07.                    Filed March 2, 2009.

Patricia Ann Horsley, pro se.

Timothy B. Heavner, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Respondent determined deficiencies of $2,876 and $2,870 in petitioner's Federal income tax (tax) for her taxable years 2004 and 2005, respectively.

The issues for decision for each of petitioner's taxable years 2004 and 2005 are:

(1) Is petitioner entitled to a dependency exemption deduction under section 151(a)[1] for her granddaughter REU?  We hold that she is not.

(2) Is petitioner entitled to head of household filing status under section 2(b)?  We hold that she is not.

(3) Is petitioner entitled to the child tax credit under section 24(a)?  We hold that she is not.

(4) Is petitioner entitled to the earned income tax credit under section 32(a)?  We hold that she is not.

FINDINGS OF FACT

Some of the facts in this case have been stipulated by the parties and are so found.

At the time petitioner filed the petition, she resided in Richmond, Virginia.

Petitioner is the maternal grandmother of REU, who was born in 1991.  Petitioner's daughter, Shelley L. Urban (Ms. Urban), is the mother of REU.  The paternal grandparents of REU are Edgar and Helen Urban (Urbans).

From July 7, 1998, until April 19, 2004, Ms. Urban maintained sole custody of REU.  At no time during 2004 or 2005 did petitioner have custodial rights to REU.

---

[1]All section references are to the Internal Revenue Code in effect for each of the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

On April 19, 2004, Ms. Urban and the Urbans executed a document entitled "CONSENT AGREEMENT" (custody agreement) in connection with a proceeding regarding REU in the Juvenile and Domestic Relations District Court of Chesterfield County, Virginia (district court). (We shall refer to the proceeding in the district court as the custody case.) The custody agreement, which was part of the district court's record in the custody case, provided (1) joint legal custody of REU to Ms. Urban and the Urbans and (2) primary physical custody of REU to the Urbans.

On the same date on which Ms. Urban and the Urbans executed the custody agreement, Ms. Urban, the Urbans, and Brian Urban, REU's father, executed a second document entitled "CONSENT AGREEMENT" (the visitation agreement) in connection with the custody case. The visitation agreement, which was part of the district court's record in the custody case, terminated all of petitioner's rights to visitation with REU.

During 2004 and 2005, petitioner paid at least $1,575.62 and $485.67, respectively, for the support of REU. During each of those years, Ms. Urban also provided an unidentified amount of support for REU.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return (tax return), for each of her taxable years 2004 and 2005. In each of those tax returns, petitioner claimed (1) head of household filing status, (2) a dependency exemption deduction

for REU, (3) the child tax credit, and (4) the earned income tax credit.

Respondent issued to petitioner a separate notice of deficiency (notice) for each of petitioner's taxable years 2004 and 2005 (collectively, notices). In each of those notices, respondent, inter alia, disallowed petitioner's claimed (1) head of household filing status, (2) dependency exemption deduction for REU, (3) child tax credit, and (4) earned income tax credit.

OPINION

Petitioner has the burden of establishing that the determinations in each of the notices are wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In support of her position with respect to each of the issues presented in this case, petitioner relies primarily on her own testimony. We found that testimony to be in certain material respects conclusory, vague, uncorroborated, and self-serving. We are not required to, and we shall not, rely on petitioner's testimony in order to establish her respective positions with respect to the issues presented. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Dependency Exemption Deduction

Section 151(a) provides that "the exemptions provided by this section shall be allowed as deductions" to a taxpayer.

Section 151(c) provides an exemption for each dependent of the taxpayer as defined in section 152.

As pertinent here for petitioner's taxable year 2004, section 152(a) defines the term "dependent" to mean a person "over half of whose support * * * was received from the taxpayer", but only if that person is, inter alia, "A son or daughter of the taxpayer, or a descendant of either" or "An individual * * * who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household."  Sec. 152(a)(1), (9).

As pertinent here for petitioner's taxable year 2005, section 152(a) defines the term "dependent" to mean either a qualifying child or a qualifying relative.

Section 152(c) defines the term "qualifying child" as follows:

> SEC. 152.  DEPENDENT DEFINED.
>
>> (c) Qualifying Child.--For purposes of this section--
>>
>>> (1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--
>>>
>>>> (A) who bears a relationship to the taxpayer described in paragraph (2),
>>>>
>>>> (B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,
>>>>
>>>> (C) who meets the age requirements of paragraph (3), and

(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

As pertinent here, for purposes of section 152(c)(1)(A) an individual bears a relationship to the taxpayer if that individual is a grandchild of the taxpayer. See sec. 152(c)(2)(A). For purposes of section 152(c)(1)(C), an individual meets the age requirements if that individual is under age 19. Sec. 152(c)(3)(A)(i).

Section 152(d) defines the term "qualifying relative" as follows:

SEC. 152. DEPENDENT DEFINED.

(d) Qualifying Relative.--For purposes of this section--

(1) In general.--The term "qualifying relative" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

(B) whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in section 151(d)),

(C) with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year in which such taxable year begins, and

(D) who is not a qualifying child of such taxpayer or of any other taxpayer for any taxable year beginning in the calendar year in which such taxable year begins.

As pertinent here, for purposes of section 152(d)(1)(A) an individual bears a relationship to the taxpayer if that individual is a grandchild of the taxpayer, see sec. 152(d)(2)(A), or is "An individual * * * who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household", see sec. 152(d)(2)(H).

The only disputes between the parties as to whether petitioner is entitled to a dependency exemption deduction for REU for each of her taxable years 2004 and 2005 are: (1) Did petitioner provide more than one-half of REU's total support (a) during 2004, as required for REU to satisfy the definition of a dependent in section 152(a), and (b) during 2005, as required for REU to satisfy the definition of a dependent in section 152(a)(2) as a qualifying relative under section 152(d), see sec. 152(d)(1)(C)? (2) Did REU have the same principal place of abode as petitioner for more than one-half of petitioner's taxable year 2005, as required for REU to satisfy the definition of a dependent in section 152(a)(1) as a qualifying child under section 152(c)?[2] See sec. 152(c)(1)(B).

We turn first to whether petitioner provided more than one-half of REU's total support during each of her taxable years 2004 and 2005. In order to establish that she did, petitioner must

_____

[2]Except as discussed below, our resolution of the parties' disputes with respect to petitioner's claimed dependency exemption deduction for each year at issue resolves the other issues presented in this case.

establish (1) the total amount of support from all sources provided to REU during each year at issue and (2) that petitioner provided over one-half of that total amount during each of those years. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent provided by all sources during the year in question must be shown by competent evidence. Blanco v. Commissioner, supra at 514. Where the total amount of support provided to a child during the year in question is not shown, and may not reasonably be inferred from competent evidence, it is not possible to find that the taxpayer contributed more than one-half of that child's total support. Id. at 514-515; Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

We have found that during 2004 and 2005 petitioner paid at least $1,575.62 and $485.67, respectively, for the support of REU. Petitioner did not proffer evidence establishing (1) the total amount of support that she provided to REU during each of the years 2004 and 2005 and (2) the total amount of support from all sources provided to REU during each of those years. Nor did petitioner proffer evidence from which the Court might infer the

total amount of support from all sources provided to REU during each of the years at issue. On the record before us, we find that petitioner has failed to carry her burden of establishing that during each of the years at issue she provided more than one-half of REU's total support.

On the record before us, we find that petitioner has failed to carry her burden of establishing for her taxable year 2004 that REU is her dependent as defined in section 152(a). On that record, we further find that petitioner has failed to carry her burden of establishing for her taxable year 2005 that REU is her qualifying relative as defined in section 152(d), see sec. 152(d)(1)(C), and that therefore REU is her dependent as defined in section 152(a)(2).

We now turn to whether REU had the same principal place of abode as petitioner for more than one-half of petitioner's taxable year 2005, as required for REU to satisfy the definition of a dependent in section 152(a)(1) as a qualifying child under section 152(c). See sec. 152(c)(1)(B). We have found that from July 7, 1998, until April 19, 2004, Ms. Urban, petitioner's daughter and REU's mother, maintained custody of REU. We have also found that at no time during 2004 or 2005 did petitioner have custodial rights to REU.

In addition, we have found that on April 19, 2004, Ms. Urban and the Urbans executed the custody agreement in connection with

the custody case.  That agreement, inter alia, provided primary physical custody of REU to the Urbans.  On the same date on which Ms. Urban and the Urbans executed the custody agreement, Ms. Urban, the Urbans, and Brian Urban executed the visitation agreement in connection with the custody case.  That agreement terminated all of petitioner's rights to visitation with REU.

Petitioner contends that a judge of the district court did not sign the custody agreement and the visitation agreement and that therefore that court did not approve those agreements.  We need not resolve whether the district court approved the custody agreement and the visitation agreement.  That is because even if, as petitioner contends, it did not, on the record before us, we find that petitioner has failed to carry her burden of establishing that REU resided with her during any portion of 2005.[3]

On the record before us, we find that petitioner has failed to carry her burden of establishing for her taxable year 2005 that she and REU had the same principal place of abode at any time during that year.  On that record, we further find that petitioner has failed to carry her burden of establishing for her taxable year 2005 that she and REU shared a principal place of abode for more than one-half of that year.  See sec.

---

[3]At trial, petitioner testified that both REU and Ms. Urban resided with her for more than six months during each of the years 2004 and 2005.  That testimony was the only evidence to that effect.  As discussed above, we are unwilling to rely on petitioner's testimony to establish her position on any of the issues presented.

152(c)(1)(B).  On the record before us, we find that petitioner has failed to carry her burden of establishing for her taxable year 2005 that REU is her qualifying child as defined in section 152(c) and that therefore REU is her dependent as defined in section 152(a)(1).

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled for each of her taxable years 2004 and 2005 to a dependency exemption deduction under section 151(a) for REU.

Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household.  As pertinent here, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household" if that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of (1) for petitioner's taxable year 2004, a grandchild, see sec. 2(b)(1)(A)(i), or any other dependent, see sec. 2(b)(1)(A)(ii), but in each case only "if the taxpayer is entitled to a deduction for the taxable year for such person under section 151", sec. 2(b)(1)(A), and (2) for petitioner's taxable year 2005, "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the

taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151," sec. 2(b)(1)(A)(ii).[4]

We have found that petitioner has failed to carry her burden of establishing that she is entitled for each of her taxable years 2004 and 2005 to a dependency exemption deduction under section 151(a) for REU. We have also found that petitioner has failed to carry her burden of establishing for her taxable year 2005 that REU is her qualifying child as defined in section 152(c). On the record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled for each of her taxable years 2004 and 2005 to head of household filing status under section 2(b).

Child Tax Credit

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer.

For petitioner's taxable year 2004, section 24(c) defines the term "qualifying child" as follows:

SEC. 24. CHILD TAX CREDIT.

(c) Qualifying Child.--For purposes of this section--

(1) In general.--The term "qualifying child" means any individual if--

---

[4]Sec. 2(b)(1)(A)(i) contains two limitations that deny head of household filing status where the taxpayer has a qualifying child. Neither of those limitations is applicable in this case.

(A) the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year,

(B) such individual has not attained the age of 17 as of the close of the calendar year in which the taxable year of the taxpayer begins, and

(C) such individual bears a relationship to the taxpayer described in section 32(c)(3)(B).

As pertinent here for purposes of section 24(c)(1)(C), a grandchild bears a relationship to the taxpayer.  See sec. 32(c)(3)(B)(i)(I).

For petitioner's taxable year 2005, section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."

We have found that petitioner has failed to carry her burden of establishing that she is entitled for, inter alia, her taxable year 2004 to a dependency exemption deduction under section 151(a) for REU.  We have also found that petitioner has failed to carry her burden of establishing for her taxable year 2005 that REU is her qualifying child as defined in section 152(c).  On the record before us, we find that petitioner has failed to carry her burden of establishing for each of her taxable years 2004 and 2005 that REU is her qualifying child as defined in section

24(c).[5]  On that record, we further find that petitioner has failed to carry her burden of establishing that she is entitled for each of those years to the child tax credit under section 24.

Earned Income Tax Credit

Section 32(a)(1) permits an eligible individual an earned income credit against that individual's tax liability.[6]  As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year". Sec. 32(c)(1)(A)(i).

For petitioner's taxable year 2004, section 32(c) defines the term "qualifying child" as follows:

SEC. 32.  EARNED INCOME.

(c) Definitions and Special Rules.--For purposes of this section--

\* \* \* \* \* \* \*

(3) Qualifying child.--

(A) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(i) who bears a relationship to the taxpayer described in subparagraph (B),

---

[5]The parties do not dispute that REU was under age 17 in 2005.

[6]The amount of the credit is determined according to percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children.  Sec. 32(b).  The credit is also subject to a limitation based on adjusted gross income.  Sec. 32(a)(2).  See infra note 8.

> > (ii) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year, and
>
> > (iii) who meets the age require-ments of subparagraph (C).

As pertinent here, for purposes of section 32(c)(3)(A)(i), a grandchild bears a relationship to the taxpayer. Sec. 32(c)(3)(B)(i)(I). For purposes of section 32(c)(3)(A)(iii), an individual who has not attained age 19 meets the age requirement. Sec. 32(c)(3)(C)(i).

For petitioner's taxable year 2005, section 32(c)(3)(A) defines the term "qualifying child" to mean "a qualifying child of the taxpayer (as defined in section 152(c) * * *)".

With respect to petitioner's taxable year 2005, we have found that petitioner has failed to carry her burden of estab-lishing that REU is her qualifying child as defined in section 152(c). With respect to petitioner's taxable year 2004, on the record before us, we find that petitioner has failed to carry her burden of establishing that REU resided with her during any portion of that year.[7] On the record before us, we further find that petitioner has failed to carry her burden of establishing for her taxable year 2004 that she and REU had the same principal place of abode at any time during that year. On that record, we further find that petitioner has failed to carry her burden of

---

[7]See *supra* note 3.

establishing for her taxable year 2004 that she and REU had the same principal place of abode for more than one-half of the year.

On the record before us, we find that petitioner has failed to carry her burden of establishing for each of her taxable years 2004 and 2005 that REU is a qualifying child as defined in section 32(c)(3). On that record, we further find that petitioner has failed to carry her burden of establishing for each of those years that she is an eligible individual as defined in section 32(c)(1)(A)(i). On the record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled for each of her taxable years 2004 and 2005 to the earned income tax credit under section 32(a).[8]

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

---

[8]Assuming arguendo that petitioner were an eligible individual as defined in sec. 32(c)(1)(A)(ii) for each of her taxable years 2004 and 2005, she nonetheless would not be entitled to the earned income tax credit for each of those years. That is because petitioner reported adjusted gross income for her taxable years 2004 and 2005 of $24,643 and $25,493, respectively. Sec. 32(a)(2) completely phases out the earned income tax credit for an eligible individual with no qualifying children where the taxpayer has adjusted gross income in excess of $11,490 for the taxable year 2004, see Rev. Proc. 2003-85, sec. 3.06(1), 2003-2 C.B. 1184, 1187, and in excess of $11,750 for the taxable year 2005, see Rev. Proc. 2004-71, sec. 3.06(1), 2004-2 C.B. 970, 973.

To reflect the foregoing,

Decision will be entered

for respondent.