T.C. Memo. 2009-96

UNITED STATES TAX COURT

MELVIN J. IRIONS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12511-07.                    Filed May 13, 2009.

Melvin J. Irions, pro se.

<u>Horace Crump</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $2,598 in petitioner's 2005 Federal income tax.  The issues to be decided are:  (1) Whether petitioner is entitled to a dependency exemption deduction for his minor child pursuant to section

151(c);[1] (2) whether petitioner is entitled to a child tax credit pursuant to section 24(a); (3) whether petitioner is entitled to head-of-household filing status; and (4) whether petitioner is entitled to an earned income tax credit pursuant to section 32.

## Background

At the time he filed the petition, petitioner resided in Mississippi.

In the notice of deficiency respondent sent petitioner for taxable year 2005, respondent determined that petitioner did not qualify for a dependency exemption deduction, a child tax credit, head-of-household filing status, or an earned income tax credit.

Petitioner timely filed a petition with this Court for redetermination of the deficiency.

G.J.I.[2] is the minor child of petitioner and Martha Irions (Ms. Irions).  Petitioner and Ms. Irions are divorced.

Ms. Irions had legal and physical custody of G.J.I. during 2005.  G.J.I. visited petitioner on weekends and during the summer in 2005.  Petitioner provided no evidence of the total amount of time that G.J.I. lived with petitioner during 2005. Petitioner paid child support of $1,872 in 2005.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The Court refers to minor children by their initials.  See Rule 27(a)(3).

The property settlement and child custody agreement states that Ms. Irions will claim G.J.I. for income tax purposes.  Ms. Irions did not sign a document stating that she would not claim G.J.I. as a dependent for the 2005 taxable year.

## Discussion

Generally, the Commissioner's determinations in the statutory notice of deficiency are presumed correct.  See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to the deductions claimed.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[3]

Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer.  Section 152(a) defines "dependent" as a "qualifying child" or a "qualifying relative".  The parties agree that G.J.I. is the child of petitioner.  The child of a taxpayer is a qualifying child if that child has the same principal place of abode as the taxpayer for more than one-half of the taxable year and meets

---

[3]Petitioner has not raised any issue regarding sec. 7491(a); and because he has failed to substantiate his claims or introduce credible evidence for any of the issues in this case, sec. 7491(a) would not apply.  See sec. 7491(a)(1) and (2)(A).

certain age and self-support restrictions not at issue here.[4] Sec. 152(c). Petitioner has introduced no evidence that G.J.I.'s principal place of abode was with petitioner for more than 6 months in 2005 as required by section 152(c)(1)(B). Petitioner made vague assertions that G.J.I. lived with him on weekends and during the summer. Petitioner did not provide specific dates or any documentation to support his claims. We conclude that petitioner has not carried his burden of proving that G.J.I. was a qualifying child of petitioner in 2005.

For the child of a taxpayer to be a qualifying relative, the taxpayer must provide over one-half of that child's support for the year. Sec. 152(d)(1). Additionally, the child must meet certain income restrictions and must not be a qualifying child of any taxpayer for the year in issue. Id. Petitioner claims that he provided over one-half of the support of G.J.I. in 2005, including among other things child support, insurance, clothing, and school supplies. Petitioner introduced evidence showing that he paid child support of $1,872 during 2005. Petitioner did not, however, provide any credible evidence regarding other amounts he

---

[4]If petitioner and Ms. Irions provided over one-half of the support for G.J.I. in 2005, and it is not clear from the record that they did, the special rule of sec. 152(e) would apply to determine who was entitled to claim G.J.I. as a dependent. Ms. Irions had legal and physical custody of G.J.I. in 2005, and she did not execute a document relinquishing that right to petitioner as required by sec. 152(e)(2). Accordingly, petitioner would not be entitled to claim G.J.I. as a dependent if the special rule of sec. 152(e) did apply.

paid for the support of G.J.I. in 2005. He offered only his vague and unsubstantiated testimony. Additionally, petitioner offered no credible evidence that would prove that G.J.I. was not the qualifying child of Ms. Irions. Ms. Irions had legal and physical custody of G.J.I. during 2005, and there is no evidence in the record to support a conclusion that G.J.I.'s principal place of abode was not with Ms. Irions for more than 6 months in 2005. We hold that petitioner has not carried his burden of proving that G.J.I. was his qualifying relative in 2005 for purposes of section 152(d). Because petitioner has failed to establish that G.J.I. is either a qualifying child or a qualifying relative for purposes of section 152, we conclude that petitioner is not entitled to a dependency exemption deduction for 2005.

Child Tax Credits

Subject to limitations based on adjusted gross income, a taxpayer is entitled to a child tax credit with regard to each qualifying child of the taxpayer. Sec. 24(a) and (b). For purposes of the child tax credit, a qualifying child is a child that is under the age of 17 and is a qualifying child pursuant to section 152(c) for purposes of the dependency exemption deduction. Sec. 24(c). As discussed above, G.J.I. is not a qualifying child of petitioner for purposes of section 152(c), and therefore G.J.I. is not a qualifying child for purposes of

section 24(a).  Consequently, we hold that petitioner is not entitled to a child tax credit for taxable year 2005.

Head-of-Household Filing Status

Section 1(b) provides a special tax rate for an individual filing as a head of household.  As relevant herein, section 2(b)(1) defines "head of household" as an unmarried individual who maintains as his home a household that for more than one-half of the year constitutes the principal place of abode of a qualifying child as defined in section 152(c) or any other person who is a dependent of the taxpayer for purposes of section 151. We have concluded above that petitioner has failed to establish that G.J.I. was a qualifying child of petitioner for purposes of section 152(c) and that G.J.I. therefore was not a dependent of petitioner for purposes of section 151.  Accordingly, we hold that petitioner has failed to establish that he is entitled to head-of-household filing status for taxable year 2005.

Earned Income Tax Credit

Section 32(a) provides an earned income tax credit to eligible individuals.  Section 32(c)(1)(A)(i) provides that a taxpayer qualifies as an eligible individual if the taxpayer has a qualifying child as defined by section 152(c).  We have concluded above that petitioner failed to establish that G.J.I. is a qualifying child of petitioner for tax year 2005.  Section 32(c)(1)(A)(ii) provides that a taxpayer with no qualifying

children may qualify as an eligible individual if the taxpayer has a principal place of abode in the United States for more than one-half of the tax year, is between the ages of 25 and 65 before the close of the tax year, and is not a dependent for whom a deduction is allowable. Petitioner meets the requirements of section 32(c)(1)(A)(ii). However, with respect to his 2005 taxable year, no credit is allowed for an unmarried taxpayer without a qualifying child if the taxpayer's adjusted gross income is greater than $11,750. Rev. Proc. 2004-71, sec. 3.06(1), 2004-2 C.B. 970, 973. Petitioner's adjusted gross income for 2005 was $27,195. Consequently, petitioner is not entitled to an earned income tax credit for tax year 2005.

For the foregoing reasons, we conclude that for taxable year 2005 petitioner is not entitled to a dependency exemption deduction or a child tax credit with respect to G.J.I., that petitioner is not entitled to head-of-household filing status, and that petitioner is not entitled to an earned income tax credit.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.

To reflect the foregoing,

                                    Decision will be entered

                              for respondent.