`

T.C. Summary Opinion 2009-133

UNITED STATES TAX COURT

DENNIS LEE CHILDRESS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14591-08S.            Filed September 2, 2009.

Dennis Lee Childress, pro se.

<u>Ardney J. Boland III</u>, for respondent.

JACOBS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $5,830 deficiency in petitioner's 2006 Federal income tax. After a concession by respondent, the deficiency was reduced to $2,305, and the issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for his daughter, BSC;[1] (2) whether petitioner is entitled to head of household filing status; and (3) whether petitioner is entitled to a child tax credit.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. At the time he filed his petition, petitioner resided in Louisiana.

Petitioner and his ex-wife, Christine Childress (Ms. Childress), had one child, BSC, born in 2001. Ms. Childress and petitioner divorced in 2003. Petitioner and Ms. Childress shared joint custody of BSC, but Ms. Childress was given primary custody. Petitioner was required to pay child support to Ms. Childress, pay for BSC's health and dental insurance, and pay BSC's uninsured medical expenses.

---

[1]It is the policy of this Court not to identify minors. We refer to Mr. Childress's child by using initials. See Rule 27(a)(3).

In 2006 Ms. Childress was unemployed and she moved three or four times before finally settling with her boyfriend. BSC, then age 5, stayed with five or six different people during 2006, including petitioner, Ms. Childress, BSC's grandmothers, and BSC's aunts. Petitioner estimated that BSC stayed with him approximately one-third of the year during 2006. He did not estimate the amount of time BSC stayed with Ms. Childress.

Petitioner timely filed his 2006 Federal income tax return as a head of household, claiming (1) a dependency exemption deduction for BSC and (2) a child tax credit of $1,000. In the notice of deficiency respondent disallowed the claimed dependency exemption deduction for BSC and the child tax credit and changed petitioner's filing status to single. Respondent also disallowed some itemized deductions but conceded at trial that he had erred in this latter regard.

## Discussion

Petitioner has the burden of establishing that the Commissioner's determinations in the notice of deficiency are wrong. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In support of his position with respect to each issue for decision, petitioner relies primarily on his testimony, which we found to be straightforward and credible.

I.  Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an annual "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." As pertinent herein, section 152(a) defines "dependent" as a "qualifying child", sec. 152(a)(1), or a "qualifying relative", sec. 152(a)(2).

A.  Qualifying Child

Respondent concedes that BSC is petitioner's child.  The child of a taxpayer is a qualifying child if that child has the same principal place of abode as the taxpayer for more than one-half of the taxable year and meets an age restriction and self-support prohibition that are not at issue here.  Sec. 152(c). Petitioner admitted that during 2006 BSC did not reside with him for more than one-half of the year.  And the record does not indicate that BSC resided with petitioner and Ms. Childress combined for more than one-half of the year.  Additionally, Ms. Childress (the custodial parent) did not execute a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or similar declaration stating she would not claim the dependency exemption deduction for BSC for 2006.  Therefore, BSC is not petitioner's qualifying child for 2006.  See Irions v. Commissioner, T.C. Memo. 2009-96.

B.  Qualifying Relative

For the child of a taxpayer to be a qualifying relative:
(1)  The taxpayer must provide over one-half of that child's support for the year, (2) the child must meet certain income restrictions not at issue here, and (3) the child must not be the qualifying child of another taxpayer during the year.  Sec. 152(d)(1).  In order for petitioner to establish that he provided more than one-half of BSC's total support during 2006, petitioner must establish the total amount of support from all sources provided to BSC during 2006.  See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

"The term 'support' includes food, shelter, clothing, medical and dental care, education and the like."  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The total amount of support for each claimed dependent provided by all sources during the year at issue must be shown by competent evidence.  Blanco v. Commissioner, supra at 514.  If the amount of total support is not shown and cannot be reasonably inferred from the competent evidence available to us, then it is not possible to conclude that the taxpayer furnished more than one-half of the total amount of support.  Blanco v. Commissioner, supra at 514-515; Stafford v. Commissioner, 46 T.C. 515, 518 (1966).

Petitioner provided checks evidencing child care payments he made in 2006 totaling $3,649. He testified (but provided no documentation) that he made cash payments with respect to BSC's support. Petitioner's testimony was credible in this regard, but he did not establish the total amount of BSC's support from all sources during 2006.

The statute is specific with respect to the requirements a taxpayer must meet in order to be eligible to claim an individual as a qualifying relative. Petitioner failed to satisfy these requirements. Therefore, petitioner has not carried his burden of establishing that for 2006 BSC is his qualifying relative. See Horsley v. Commissioner, T.C. Memo. 2009-47.

C. Conclusion

Because petitioner has failed to establish that BSC is either his qualifying child or a qualifying relative for purposes of section 152, petitioner is not entitled to a dependency exemption deduction for BSC for 2006.

II. Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As relevant herein, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household if, and only if" that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode"

of "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151", sec. 2(b)(1)(A)(ii). Because BSC is neither a qualifying child nor a dependent of petitioner as defined in section 152(c), petitioner is not entitled to head of household filing status for 2006.

III. Child Tax Credit

Subject to limitations based on adjusted gross income, section 24(a) provides a credit with respect to each qualifying child of the taxpayer. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."

As discussed supra p. 4, BSC is not petitioner's qualifying child as defined in section 152(c). Thus, petitioner is not entitled to the section 24(a) child tax credit with respect to BSC for 2006.

To reflect respondent's concession and the foregoing,

Decision will be entered for respondent in the amount of $2,305.