T.C. Summary Opinion 2010-14

UNITED STATES TAX COURT

DAWNEE COCHRAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22015-08S.          Filed February 18, 2010.

Dawnee Cochran, pro se.

<u>G. Roger Markley</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2007 respondent determined a deficiency of $4,608 in petitioner's Federal income tax. The issues for decision are whether petitioner: (1) Is entitled to dependency exemption deductions for her niece and nephew; (2) is entitled to head of household filing status; and (3) is entitled to an earned income tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. When petitioner filed her petition, she resided in Illinois.

Petitioner electronically filed her Federal income tax return for 2007. She reported income of $13,301 on Form 1040, U.S. Individual Income Tax Return, applied head of household tax rates, and claimed: (1) Two dependency exemption deductions, one for her niece and one for her nephew; and (2) the earned income tax credit.

Petitioner testified that in 2007 she assisted with the support of her niece and nephew because their mother was going through a difficult financial situation.

Respondent issued to petitioner a notice of deficiency: (1) Disallowing petitioner's claimed dependency exemption deductions

for her niece and nephew and the earned income credit; and (2) changing petitioner's filing status from head of household to single.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[1]  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Likewise, the taxpayer is obliged to demonstrate entitlement to an advantageous filing status, such as head of household.  Smith v. Commissioner, T.C. Memo. 2008-229.

### II. Dependency Exemption Deduction

A taxpayer is entitled to claim a dependency exemption deduction under section 151(c) only if the claimed dependent is a

---

[1]Petitioner has not claimed or shown that she meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to her liability for tax.

"qualifying child" or a "qualifying relative" as defined under section 152(c) and (d). Sec. 152(a). A qualifying child includes the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of any of them. See sec. 152(c)(1) and (2).

In addition, section 152(c) provides that an individual is a qualifying child of the taxpayer only if: (1) The child had the same principal place of abode as the taxpayer for more than one-half of the taxable year; (2) the child meets specified age requirements; and (3) the child did not provide over one-half of his or her own support for the taxable year.

Petitioner contends that the children she claimed as dependents are her niece and nephew and that they both lived with her from April through October 2007. But she presented no credible evidence that she was related to the children or that the children lived with her during 2007.[2] Therefore, the Court finds that these children are not petitioner's qualifying children for 2007.[3] See Irions v. Commissioner, T.C. Memo. 2009-96.

---

[2]Petitioner did not provide the Court with copies of the children's birth certificates, a copy of her rental agreement, or any credible evidence that she and the children shared the same principal place of abode.

[3]Petitioner also failed to demonstrate that these children were her qualifying relatives for purposes of sec. 152(d).

## II.  Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household.  As relevant herein, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household if, and only if" that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151", sec. 2(b)(1)(A)(ii).

Petitioner does not satisfy the requirements of section 2(b) because she has not shown that the two children she claimed as dependents for 2007 are her qualifying children, as defined in section 152(c).  Accordingly, petitioner is not entitled to head of household filing status for 2007.  Respondent's determination is sustained.

## III.  Earned Income Tax Credit

Section 32(a)(1) allows an eligible individual an earned income tax credit against that individual's income tax liability. The amount of the credit for a taxpayer with qualifying children is determined according to the number of the taxpayer's qualifying children.  Sec. 32(b).  Under section 32(c)(3)(A), a

qualifying child is defined the same as "a qualifying child of the taxpayer (as defined in section 152(c) * * * )." She has not shown that the children she claimed as dependents are her qualifying children pursuant to section 152(c). Therefore, petitioner is not entitled to claim these children as qualifying children for purposes of the earned income tax credit under section 32(a)(1).

Petitioner's adjusted gross income for 2007 exceeded $12,590; accordingly she is also ineligible to claim an earned income credit under sec. 32(c)(1)(A)(ii) as an individual without a qualifying child. See Rev. Proc. 2006-53, sec. 3.07(1), 2006-2 C.B. 996, 1000 (announcing the specific amount for 2007).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.