T.C. Summary Opinion 2011-87


UNITED STATES TAX COURT


OLIVIER DEFERNEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13195-10S.              Filed July 11, 2011.


Olivier Defernez, pro se.

<u>Chad Martinelli</u> and Lindsey Munyer (student), for
respondent.


JACOBS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, all section references are to

the Internal Revenue Code in effect for 2007, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,553 in petitioner's Federal income tax for 2007.  The issues for decision are:  (1) Whether petitioner, as the noncustodial parent, is entitled to a dependency exemption deduction for his minor child; and (2) whether petitioner is entitled to a child tax credit.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.  At the time he filed his petition, petitioner resided in California.

Petitioner and his former wife, Kelly Defernez (Ms. Defernez), had one child, TDD, born in 2000.[1]  Ms. Defernez and petitioner divorced in 2006; they lived apart throughout 2007.

Pursuant to the divorce decree dated July 28, 2006, legal custody of TDD was awarded jointly to petitioner and Ms. Defernez.  Ms. Defernez was given primary custody.

Petitioner was required to pay support for TDD of $500 per month.  Paragraph 13 of the divorce decree states:

> Husband [petitioner] and Wife [Ms. Defernez] agree that
> Husband will be entitled to claim the minor child as
> dependent on his income tax return.  Both Husband and Wife
> agree they will file their individual income tax returns

---

[1]The Court refers to minor children by their initials.  See Rule 27(a)(3).

consistent with the terms of the present provision.  It is the intention of the parties that the income tax consequences of any dependent exemption and/or deduction regarding their minor child be interpreted consistently with the present agreement.  Pursuant to the requirements of the Domestic Relations Tax Reform Act of 1984 and any amendments, and the Internal Revenue Code Section 152(e)(2), as amended, Husband and Wife agree to transfer their dependency exemptions in accordance with the present agreement and upon remand by the other, to provide a written declaration in such form as provided by the Internal Revenue Service declaring their intentions regarding claims for such dependency exemptions related to their minor child.

Paragraph 29 of the divorce decree states:

Notwithstanding the above or any other provision in this Agreement, any parent, whether Husband or Wife, that is not current on his or her child support obligation, then that party, whether Husband or Wife, in no event shall be entitled to claim any dependency exemption and/or dependent credit related to the child.

Petitioner satisfied his child support obligation for 2007. TDD did not live with petitioner for more than half of 2007.

Petitioner timely filed his 2007 Federal income tax return claiming (1) a dependency exemption deduction for TDD, and (2) a child tax credit of $1,000.  Petitioner did not attach a copy of the divorce decree or attach Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to his 2007 Federal income tax return.

Despite the agreement of the spouses as set forth in paragraph 13 of the divorce decree, Ms. Defernez claimed a dependency exemption deduction for TDD on her 2007 Federal income tax return.  In the notice of deficiency to petitioner,

respondent disallowed the claimed dependency exemption deduction for TDD and the child tax credit.

## Discussion

Petitioner has the burden of establishing that respondent's determinations in the notice of deficiency are wrong.  See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]

## I.  Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an annual "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." As pertinent herein, section 152(a)(1) defines the term "dependent" as a "qualifying child", sec. 152(a)(1), or a "qualifying relative", sec. 152(a)(2).

### A. Qualifying Child

Respondent concedes that TDD is petitioner's child.  The child of a taxpayer is a qualifying child if that child has the same principal place of abode as the taxpayer for more than one-half of the taxable year and meets an age restriction and self-support prohibition that are not at issue here.  Sec. 152(c).

---

[2]Sec. 7491(a) provides that under certain circumstances the burden of proof with respect to factual matters shifts to respondent.  Petitioner neither alleged nor established that this section is herein applicable.  Regardless, we resolve the case on the preponderance of the evidence, not on an allocation of the burden of proof, rendering the issue as to which party has the burden of proof moot.  See Knudsen v. Commissioner, 131 T.C. 185, 186-189 (2008).

Petitioner admitted that during 2007 TDD did not reside with him for more than one-half of the year.

A custodial parent may release his/her claim to the dependency exemption by signing a written declaration (as provided in the regulations), sec. 152(e)(2)(A), and the noncustodial parent may claim the exemption by attaching the declaration to his or her Federal income tax return, sec. 152(e)(2)(B). Pursuant to its authority, the Internal Revenue Service issued Form 8332 to enable a noncustodial parent to satisfy the written declaration requirement of section 152(e)(2).

Ms. Defernez did not sign a Form 8332 or similar declaration stating that she would not claim the dependency exemption deduction for TDD in 2007. Indeed, Ms. Defernez claimed a dependency exemption deduction for TDD for herself on her 2007 Federal income tax return.

Petitioner maintains that the divorce decree is sufficient documentation for him to claim a dependency exemption deduction for TDD. For the reasons set forth below, we disagree.

Initially, we note that petitioner did not attach the divorce decree to his 2007 Federal income tax return. In any case, the Commissioner requires that if a taxpayer does not use Form 8332, the statement used by the taxpayer must conform to the substance of Form 8332. In that regard, the taxpayer is required to furnish: (1) The names of the children; (2) the years for

which the claims were released; (3) the signature of the custodial parent; (4) the Social Security number of the custodial parent; (5) the date of the custodial parent's signature; and (6) the name and Social Security number of the parent claiming the exception. See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). The divorce decree does not meet these requirements. Rather, it merely sets forth the circumstances whereby petitioner can claim the dependency exemption deduction if he is current on his child support payments; importantly, it does not specify the years to which it applies. Consequently, the divorce decree does not qualify as a written declaration within the meaning of section 152(e)(2). See id.

We therefore hold that TDD is not petitioner's qualifying child for 2007. See Irions v. Commissioner, T.C. Memo. 2009-96.

B. Qualifying Relative

Petitioner may still claim a dependency exemption deduction for TDD if TDD is deemed to be his qualifying relative. For the child of a taxpayer to be a qualifying relative: (1) The taxpayer must provide over one-half of that child's support for the year; (2) the child must meet certain income restrictions not at issue here; and (3) the child must not be the qualifying child of another taxpayer during the year. Sec. 152(d)(1). As a result of our holding above, TDD was the qualifying child of Ms.

Deferenz and therefore cannot be petitioner's qualifying relative for 2007. In addition, in order for petitioner to establish that he provided more than one-half of TDD's total support during 2007, he must establish the total amount of support from all sources provided to TDD during 2007. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

"The term 'support' includes food, shelter, clothing, medical and dental care, education and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent provided by all sources during the year at issue must be shown by compelling evidence. Blanco v. Commissioner, supra at 514. If the amount of total support is not shown and cannot be reasonably inferred from the competent evidence available to us, then it is not possible to conclude that the taxpayer furnished more than one-half of the total amount of support. Id. at 514-515; Stafford v. Commissioner, 46 T.C. 515, 518 (1966).

The parties stipulated that petitioner made all required child support payments for 2007. But petitioner did not establish the total amount of TDD's support from all sources throughout the year.

The statute is specific with respect to the requirements a taxpayer must meet in order to be eligible to claim an individual

as a qualifying relative.  Petitioner did not satisfy these requirements.  Therefore, petitioner has not carried his burden of establishing that for 2007 TDD is his qualifying relative. See Horsley v. Commissioner, T.C. Memo. 2009-47.

C. Conclusion

Because petitioner has not established that TDD is either his qualifying child or a qualifying relative for purposes of section 152, petitioner is not entitled to a dependency exemption deduction for TDD for 2007.

II.  Child Tax Credit

Subject to limitations based on adjusted gross income, section 24(a) provides a credit with respect to each qualifying child of the taxpayer.  Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained the age of 17."

As discussed supra pp. 4-6, TDD is not petitioner's qualifying child as defined in section 152(c).  Thus, petitioner is not entitled to the section 24(a) child tax credit with respect to TDD for 2007.

To reflect the foregoing,

Decision will be entered

for respondent.