T.C. Memo. 2012-29

UNITED STATES TAX COURT

SHEILA PHILEMOND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15651-10.                    Filed January 31, 2012.

<u>Joseph A. DiRuzzo III</u>, for petitioner.

<u>Derek P. Richman</u> and <u>William Lee Blagg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Respondent determined a deficiency of $3,183 in

petitioner's Federal income tax for 2008.  The issues for decision are:  (1) whether

petitioner qualifies for head of household filing status which, in turn, depends upon whether petitioner is entitled to a dependency exemption deduction for her minor child; (2) whether petitioner is entitled to the child tax credit or an additional child tax credit; and (3) whether petitioner is entitled to the earned income credit.

## FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. At the time she filed her petition, petitioner resided in Florida.

Petitioner and Clint Hyson resided together, but were not married, when their child, J.H.,[1] was born in 2001.

At an unspecified time, petitioner and J.H. no longer resided with Mr. Hyson. However, petitioner and Mr. Hyson shared custody of J.H. on a 50-50 basis. Until 2007, petitioner paid most of J.H.'s expenses; she received financial assistance from Medicaid. When J.H. stayed with his father, Mr. Hyson would pay all of J.H.'s expenses. When J.H. resided with petitioner, she would pay all of his expenses.

---

[1]The Court refers to minor children by their initials. See Rule 27(a)(3).

On February 6, 2007, petitioner and Mr. Hyson entered into a mediation agreement which included the following terms: (1) Mr. Hyson temporarily was to have primary custody of J.H.; (2) J.H. would reside with Mr. Hyson from Sundays at noon through Fridays after school. On three Fridays per month petitioner would have J.H. from after school until noon on Sunday, and Mr. Hyson would have J.H. the third weekend every month; and (3) both parties would share parental responsibility of J.H.

The mediation agreement provided that petitioner should pay $160.37 monthly for J.H.'s support and daycare expenses, and Mr. Hyson should pay $641.68 monthly. Petitioner was to pay her monthly obligation to Mr. Hyson since he was the primary custodial parent. Thus, petitioner paid 20% of J.H.'s support and Mr. Hyson paid 80% of J.H.'s support.

In April 2007 petitioner lost her job. Thereafter, when she was evicted from her apartment, she moved in with her sister.

Mr. Hyson had primary custody of J.H. throughout 2008, and J.H. resided with him for more than half of the year. Petitioner visited J.H. whenever she could; but because she did not have reliable transportation, her visits with J.H. were infrequent.

Mr. Hyson and petitioner did not discuss which of them would claim J.H. as a dependent. Indeed, both of them claimed J.H. as a dependent on their respective 2008 Federal income tax returns.

Petitioner filed her 2008 Federal income tax return, claiming head of household status. In addition to claiming a dependency exemption deduction for J.H., petitioner claimed a child tax credit of $187 and an earned income credit. In the notice of deficiency issued to petitioner for 2008, respondent (1) disallowed petitioner's claimed dependency exemption deduction for J.H.; (2) changed petitioner's filing status from head of household to single; and (3) disallowed both the child tax credit and the earned income credit. At trial respondent conceded that petitioner was entitled to a reduced earned income credit, computed without a qualifying child.

OPINION

Petitioner bears the burden of establishing that respondent's determinations in the notice of deficiency are wrong. See Rule 142(a)(1);[2] Welch v. Helvering, 290 U.S. 111, 115 (1933). To support her positions, petitioner relies solely on her testimony, which we found credible.

_____

[2] All Rule references are to the Tax Court Rules of Practice and Procedure; and unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2008.

I.  Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an annual "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  As pertinent herein, section 152(a) defines the term "dependent" as a "qualifying child", sec. 152(a)(1), or a "qualifying relative", sec. 152(a)(2).

A.  Qualifying Child

Respondent concedes that J.H. is petitioner's child.  The child of a taxpayer is a "qualifying child" if that child (1) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (2) meets an age restriction; and (3) does not violate a self-support prohibition.  Sec. 152(c).  Neither the age restriction nor the self-support prohibition is at issue herein.

Petitioner acknowledged that during 2008 J.H. did not reside with her for more than one-half of the year.  Further, Mr. Hyson, as custodial parent, did not execute a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or similar declaration stating that he would not claim the dependency exemption deduction for J.H. for 2008.  Therefore, J.H. is not petitioner's "qualifying child" for 2008.  See Irions v. Commissioner, T.C. Memo. 2009-96.

B. Qualifying Relative

For the child of a taxpayer to be a "qualifying relative": (1) the taxpayer must provide over one-half of that child's support for the year; (2) the child must meet certain income restrictions not herein at issue; and (3) the child must not be a qualifying child of another taxpayer for the year. Sec. 152(d)(1). In order for petitioner to establish that she provided more than one-half of J.H.'s total support during 2008, petitioner must establish the total amount of J.H.'s support from all sources for the year. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs. She has not done so.

"The term 'support' includes food, shelter, clothing, medical and dental care, education and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent provided by all sources during the year must be shown by competent evidence. Blanco v. Commissioner, 56 T.C. at 514. If the amount of total support for the year cannot be reasonably inferred from competent evidence, then it is not possible to conclude that the taxpayer furnished more than one-half of the total amount of support. Id. at 514-515; Stafford v. Commissioner, 46 T.C. 515, 518 (1966).

Petitioner provided no evidence to prove she provided more than one-half of J.H.'s total support during 2008. Indeed, the mediation agreement states that petitioner was to provide 20% and Mr. Hyson was to provide 80% of J.H.'s yearly support. Despite petitioner's testimony that she did all she could to help support J.H., the requirements of the statute are strict. In sum, petitioner has not carried her burden of establishing for 2008 that J.H. is her qualifying relative. See Horsley v. Commissioner, T.C. Memo. 2009-47.

C. Waiver by the Custodial Parent

Section 152(e)(1) provides a special rule whereby a noncustodial parent may be entitled to claim a dependency exemption deduction for a child if (1) the custodial parent signs a written declaration that he/she will not claim the child as a dependent, and (2) the noncustodial parent attaches that declaration to his/her tax return for the taxable year. Sec. 152(e)(2)(A) and (B). The Commissioner issued Form 8332 to standardize the written declaration required by section 152(e)(2). Nixon v. Commissioner, T.C. Memo. 2011-249. Although taxpayers are not required to use Form 8332, the substitute document must conform to the substance of Form 8332 and be signed by the custodial parent. See Miller v. Commissioner, 114 T.C. 184, 189 (2000); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Mr. Hyson, the custodial parent, did not fill out a Form 8332 or otherwise provide a statement in which he declared that he would not claim J.H. as a dependent. Thus, petitioner does not qualify for the special rule of section 152(e).

D. Conclusion

Because petitioner has failed to establish that J.H. is either her qualifying child or a qualifying relative, she is not entitled to a dependency exemption deduction for J.H. for 2008.

II. Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As relevant herein, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household if, and only if" that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151", sec. 2(b)(1)(A)(ii). Inasmuch as J.H. is neither her qualifying child nor her dependent, petitioner is not entitled to head of household filing status for 2008.

## III.  Child Tax Credit

Subject to limitations based on adjusted gross income, section 24(a) provides a credit with respect to each qualifying child of the taxpayer.  Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."  As discussed supra p. 5, J.H. is not petitioner's qualifying child as defined in section 152(c).  Thus, petitioner is not entitled to the section 24(a) child tax credit with respect to J.H. for 2008.

## IV.  Earned Income Credit

Section 32(a)(1) provides that "[i]n the case of an eligible individual, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount."  The amount of the credit to which an eligible individual is entitled increases if the individual has a qualifying child as defined by section 152(c).  Respondent concedes that petitioner is entitled to the earned income credit for an individual with no qualifying children.

To reflect respondent's concession,

Decision will be entered

under Rule 155.