T.C. Memo. 2011-165

UNITED STATES TAX COURT

MICKEL AND MARY BRISCOE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20011-09.                    Filed July 11, 2011.

Mickel and Mary Briscoe, pro sese.

Ardney J. Boland III, Susan S. Canavello, and Emily
Brouillette (student), for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a $1,510 deficiency
in petitioners' Federal income tax for 2007.[1]  The issues for

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
(continued...)

decision are:  (1) Whether petitioners are entitled to a dependency exemption deduction for J.B.;[2] and (2) whether petitioners are entitled to a child tax credit for J.B.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Louisiana when the petition was filed.

Petitioner Mickel Briscoe (Mr. Briscoe) was formerly married to Nedra Ceaser (Ms. Ceaser).  They had one child, J.B.  Mr. Briscoe and Ms. Ceaser divorced on November 4, 2002.  The Louisiana 16th Judicial District Court (State court) entered a judgment of divorce (judgment) dissolving Mr. Briscoe and Ms. Ceaser's marriage.  The judgment awarded Ms. Ceaser sole custody of J.B.

In 2006 Ms. Ceaser initiated an expedited child support proceeding against Mr. Briscoe, seeking an increase in child support.  On November 6, 2006, the State court issued an order increasing Mr. Briscoe's child support obligation (support order).  The support order also states that "Mickel Briscoe is hereby granted the right to claim the tax dependency exemption

---

[1](...continued)
Procedure.

[2]  It is the policy of the Court to refer to a minor by his or her initials.  See Rule 27(a)(3).

for the minor child(ren)." The support order contains Ms. Ceaser's signature but not her Social Security number.

Petitioners claimed J.B. as a dependent and claimed a child tax credit of $1,000 on their Form 1040, U.S. Individual Income Tax Return, for 2007, dated March 19, 2008. Petitioners did not attach Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to their return. Instead, they attached a copy of the support order. Petitioners did not ask Ms. Ceaser to sign a Form 8332 or any other document declaring she would not claim J.B. as a dependent. Mr. Briscoe thought attaching the support order was sufficient and was not familiar with the requirement to attach Form 8332. Ms. Ceaser claimed J.B. as a dependent on her 2007 return.

OPINION

## I. Burden of Proof

Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. Accordingly, petitioners bear the burden of proof. See Rule 142(a).

## II. Dependency Exemption Deduction

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a qualifying child or a qualifying relative.

Sec. 152(a).  The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent.  A qualifying child must meet four requirements for the taxpayer to qualify for the deduction.  See sec. 152(c)(1)(A)-(D).  The pertinent factor here is the residence requirement:  the individual must have the same principal place of abode as the taxpayer for more than one-half of the taxable year.[3]  Sec. 152(c)(1)(B).

Mr. Briscoe has not demonstrated that J.B. lived with him for more than one-half of 2007.  Thus, J.B. is not Mr. Briscoe's qualifying child under section 152(c).  See sec. 152(c)(1)(B).

A qualifying relative must satisfy four requirements for the taxpayer to qualify for the deduction.  See sec. 152(d)(1)(A)-(D).  The two pertinent requirements are that the taxpayer must provide over one-half of the individual's support for the taxable year and the individual must not be a qualifying child of the taxpayer or of any other taxpayer for the taxable year.  Sec. 152(d)(1)(C) and (D).

Mr. Briscoe did not substantiate the amount of J.B.'s support from all sources in 2007.  Mr. Briscoe also did not establish that J.B. was not a qualifying child of any other

---

[3]  Respondent concedes that Mr. Briscoe meets the relationship requirement, the age requirement, and the support requirement.

taxpayer for 2007 (e.g., Ms. Ceaser).  J.B., therefore, is not Mr. Briscoe's qualifying relative under section 152(d).

Section 152(e)(1), however, provides a special rule whereby a noncustodial parent may be entitled to claim a dependency exemption deduction for a child notwithstanding the residency requirement of section 152(c)(1)(B), the support requirement of section 152(d)(1)(C), and the so-called tie-breaking rule of section 152(c)(4).  A child will be treated as the noncustodial parent's qualifying child or qualifying relative if five requirements are met.  See sec. 152(e)(1) and (2).  The relevant requirements here are that the custodial parent sign a written declaration, in such manner and form as the Secretary may prescribe, that the custodial parent will not claim the child as a dependent and that the noncustodial parent attach that declaration to the noncustodial parent's return for the taxable year.  Sec. 152(e)(2)(A) and (B).

The Internal Revenue Service issued Form 8332 in order to standardize the written declaration required by section 152(e). See, e.g., <u>Chamberlain v. Commissioner</u>, T.C. Memo. 2007-178. Form 8332 requires a taxpayer to furnish:  (1) The name of the child; (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction; (3) the Social Security number of the custodial parent; (4) the signature of the custodial parent; (5) the date of the custodial

parent's signature; and (6) the year(s) for which the claims were released.  See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  Although taxpayers are not required to use Form 8332, any other written declaration executed by the custodial parent must conform to the substance of Form 8332.  See id. at 189.  The general instructions for Form 8332 state that a divorce decree may be attached to the Form 1040 instead of Form 8332 if the decree states all of the items listed above,[4] specifically the years for which the claim is released and the custodial parent's Social Security number.[5]  Section 152(e) allows a noncustodial parent to claim the dependency exemption deduction only when that parent attaches a valid Form 8332 or its equivalent to a Federal income tax return for the taxable year for which he or she claims the dependency exemption deduction. See Paulson v. Commissioner, T.C. Memo. 1996-560.

Petitioners did not attach Form 8332 to their Form 1040; instead, they attached a copy of the support order.  The support order does not contain the years to which the order applies or

---

[4] The instructions permit this procedure only for divorce decrees that went into effect after 1984 and before 2009.

[5] The instructions seem to imply that the custodial parent's Social Security number can be added to the cover page and need not have been part of the original decree.  However, this distinction is immaterial as the custodial parent's Social Security number did not appear in anything petitioner attached to his Form 1040.

Ms. Ceaser's Social Security number.  The support order, therefore, does not conform to the substance of Form 8332 or satisfy the requirements of section 152(e)(2).  See <u>Miller v. Commissioner</u>, <u>supra</u> at 191-192 (order not containing custodial parent's signature or Social Security number did not substantially conform to Form 8332); <u>White v. Commissioner</u>, T.C. Memo. 1996-438 (letter failing to state the years for which the claim to the exemption was released and not containing the parents' Social Security numbers did not substantially conform to Form 8332).

Accordingly, we find that J.B. is not treated as Mr. Briscoe's qualifying child or qualifying relative under section 152(e), and therefore petitioners are not entitled to the dependency exemption deduction for J.B.

III.  <u>Child Tax Credit</u>

A taxpayer may claim a child tax credit for "each qualifying child".  Sec. 24(a).  A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17.  Sec. 24(c)(1).

Because we have determined that J.B. is not Mr. Briscoe's qualifying child, it follows that petitioners are not entitled to the child tax credit for J.B.

We are not unsympathetic to petitioners' position.  We also realize that the statutory requirements may seem to work harsh

results to taxpayers, such as Mr. Briscoe, who are current in their child support obligations and who are entitled to claim the dependency exemption deductions or child tax credits under the terms of a child support order. However, we are bound by the statute as written and the accompanying regulations when consistent therewith. <u>Michaels v. Commissioner</u>, 87 T.C. 1412, 1417 (1986); <u>Brissett v. Commissioner</u>, T.C. Memo. 2003-310.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.