T.C. Memo. 2011-245

UNITED STATES TAX COURT

ANGEL ALARCON, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8955-10.              Filed October 17, 2011.

On his 2007 tax return, P claimed dependency exemption
deductions and child tax credits for his two minor sons and
head of household filing status.  R disallowed P's claims.

<u>Held</u>:  R's determinations are sustained.

Angel Alarcon, Jr., pro se.

<u>Brock E. Whalen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of an income tax deficiency of $3,631 that respondent determined for petitioner's 2007 tax year.  The issues for decision are (1) whether petitioner is entitled to dependency exemption deductions for G.A. and S.A., his minor sons;[1] (2) whether petitioner is entitled to child tax credits for G.A. and S.A.; and (3) whether petitioner is entitled to head of household filing status.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulations, with the accompanying exhibits, are incorporated

---

[1]It is the policy of this Court not to identify minors.  We refer to petitioner's two minor children by their initials.  See Rule 27(a)(3).  All section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

herein by this reference.[2]  Petitioner resided in Texas at the time his petition was filed.

Petitioner is the father of two minor sons, G.A. and S.A. Petitioner and the children's mother, Susana Alarcon (Ms. Alarcon), were separated and lived apart the entire 2007 tax year, Ms. Alarcon residing in the former marital home (marital home) and petitioner with his parents.

The marital home is where petitioner and Ms. Alarcon lived with G.A. and S.A. before their marital difficulties.  Ms. Alarcon had been given temporary possession of the marital home pursuant to a temporary order issued December 6, 2006, by the 65th District Court in Texas.  The temporary order also appointed petitioner and Ms. Alarcon temporary joint managing conservators over S.A. and G.A.  The parties have orally stipulated that G.A. and S.A. resided with Ms. Alarcon for a greater portion of the 2007 tax year than they did with petitioner.

---

[2]Respondent objected to petitioner's Exhibit 6-P on the grounds of hearsay.  Exhibit 6-P is a letter allegedly from petitioner's divorce attorney to petitioner in which the attorney states that the delay in resolution of the divorce was due to petitioner's wife's attorneys.  We agree with respondent that Exhibit 6-P is hearsay.  Fed. R. Evid. 801(c) defines "Hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Hearsay is generally excluded from evidence unless an exception applies.  See Fed. R. Evid. 802.  Regardless, even if this exhibit was admitted into evidence, it would have no effect on the outcome of this case.

Petitioner and Ms. Alarcon both followed the terms of the December 6, 2006, temporary order until their divorce was finalized on March 9, 2010. In the March 9, 2010, divorce decree, petitioner was awarded the marital home.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for the 2007 tax year as a head of household. He also claimed dependency exemption deductions and child tax credits for G.A. and S.A. Ms. Alarcon also claimed G.A. and S.A. as dependents on her 2007 Federal income tax return. Petitioner neither attached Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, nor had an agreement with Ms. Alarcon that he would claim the children as dependents on his tax return.

Thereafter, respondent disallowed petitioner's claimed dependency exemption deductions and child tax credits, changed his filing status to single, and on February 16, 2010, issued him a notice of deficiency, determining a deficiency in income tax of $3,631 for his 2007 tax year. On April 15, 2010, petitioner timely petitioned this Court. Pursuant to this Court's April 19, 2010, order, petitioner filed an amended petition on May 20, 2010. In his amended petition, petitioner argued he was the sole provider for his sons, maintained the home where they lived "completely 100%", and was entitled to head of household filing status. Trial was held on December 6, 2010, in El Paso, Texas.

OPINION

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

I. Dependency Exemption Deductions

Section 151(a) and (c) allows a taxpayer an annual exemption deduction for each "dependent" as defined in section 152. Section 152(a) defines a dependent to include a "qualifying child". A qualifying child must share the same principal place of abode as the taxpayer for more than one-half of the year in issue (residence test).[3] Sec. 152(c)(1)(B). The parties stipulated that G.A. and S.A. resided with their mother for more than one-half of the taxable year. Accordingly, neither G.A. nor S.A. is petitioner's qualifying child under section 152(c).

In the case of divorced or qualified separated parents, special rules determine which parent may claim a dependency exemption deduction for a child. Section 152(e) allows the noncustodial parent a dependency exemption deduction if the custodial parent signs a written declaration releasing her claim to the exemption and the noncustodial parent attaches the

---

[3]In addition to the residence test, three other tests-- relationship, age, and support--must be satisfied. Sec. 152(c)(1)(A)-(D). Respondent concedes they were.

declaration to his Federal income tax return.[4]  Neither of these requirements was met.  Accordingly, neither G.A. nor S.A. is petitioner's qualifying child under section 152(e).

Petitioner's argument appears to be that he provided all the financial support for his sons and they were his qualifying children because he was only temporarily absent from the marital home "due to the ongoing delays of the divorce".  At trial he explained that he relied on language from Internal Revenue Service (IRS) Publication 501, Exemptions Standard Deduction, and Filing Information, and 504, Divorced or Separated Individuals.  Both state:

> **Temporary absences**.  You and your qualifying person are considered to live together even if one or both of you are temporarily absent from your home due to special circumstances such as illness, education, business, vacation, or military service.  It must be reasonable to assume that the absent person will return to the home after the temporary absence.  You must continue to keep up the home during the absence.

---

[4]The custodial parent is the parent with whom the child lived for the greater number of nights during the year.  The other parent is the noncustodial parent.  Here, Ms. Alarcon is the custodial parent and petitioner the noncustodial parent.  See IRS Publication 501, Exemptions, Standard Deduction, and Filing Information.

The IRS issued Form 8332 to standardize the written declaration required by sec. 152(e).  Miller v. Commissioner, 114 T.C. 184, 189 (2000); Briscoe v. Commissioner, T.C. Memo. 2011-165.  "Although taxpayers are not required to use Form 8332, any other written declaration executed by the custodial parent must conform to the substance of Form 8332."  Briscoe v. Commissioner, supra.

Petitioner, seeking justice from his perspective, construes the publications and the statutes they interpret as permitting him to claim his sons since he paid all costs for 2007 on the marital home, which he also considered to be his home. Congress and the Secretary, however, have laid down a bright-line test for simplicity and administrative convenience. See H. Rept. 98-432 (Part 1), at 1498 (1984). Because pursuant to the temporary order petitioner could not live at the marital home but his wife could and did in 2007, it was her and the sons' residence, not his during that year. His prolonged absence, though not his fault and even if caused by his wife and her attorneys, does not make his more than 3 years' absence temporary, nor does it make the marital home his residence for 2007.[5] Consequently, neither G.A. nor S.A. was petitioner's qualifying child in 2007. Because neither is petitioner's qualifying child, petitioner is not entitled to a dependency exemption deduction for G.A. or S.A.

---

[5]We acknowledge that in Rowe v. Commissioner, 128 T.C. 13, 18-19 (2007), we held "an individual confined in jail after an arrest but before conviction" could be considered temporarily absent for purposes of the earned income tax credit where it was reasonable to assume that she would return to her household and children after the temporary confinement. Even if petitioner's absence were considered temporary, sec. 152(c)(4)(B) provides that if both parents claim a child, then the child is the qualifying child of the parent with whom the child resided for the longer period during the taxable year.

II. <u>The Child Tax Credit</u>

Section 24(a) allows a $1,000 tax credit to a taxpayer for each "qualifying child". Sec. 24(a). A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17. Because we have determined that neither G.A. nor S.A. is his qualifying child, petitioner is not entitled to a child tax credit for G.A. or S.A. See <u>Gessic v. Commissioner</u>, T.C. Memo. 2010-88.

III. <u>Head of Household Filing Status</u>

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As pertinent here, section 2(b)(1) provides that an unmarried individual "shall be considered a head of household" if that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "(i) a qualifying child of the individual (as defined in section 152(c) * * *)". We have determined that for the taxable year 2007 neither G.A. or S.A. is petitioner's qualifying child or dependent. Accordingly, petitioner has failed to prove his entitlement to head of household filing status.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.