T.C. Memo. 2011-249

UNITED STATES TAX COURT

RICHARD A. NIXON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 220-10.[1]                    Filed October 25, 2011.

Richard A. Nixon, pro se.

<u>Kimberly L. Clark</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $3,450 deficiency
in petitioner's Federal income tax for 2007.  The issues for
decision are:  (1) Whether petitioner is entitled to dependency

---

[1]  At trial the Court granted petitioner's unopposed oral
motion to have the Court remove the small case designation.

exemption deductions for E.N. and M.N.;[2] and (2) whether petitioner is entitled to child tax credits for E.N. and M.N.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Washington when the petition was filed.

Petitioner was formerly married to Leslie L. Nyquist (Ms. Nyquist). They had three children, two of whom, E.N. and M.N., are relevant to this case. Petitioner and Ms. Nyquist were divorced in 2002. In connection with their divorce the Superior Court of Washington, County of Clark, entered a parenting plan final (parenting plan) and an order of child support (support order). The parenting plan designates Ms. Nyquist as the custodial parent. During 2007 E.N. and M.N. were minors and resided with Ms. Nyquist for more than one-half of the year.

The support order states that petitioner is allowed to claim Federal income tax exemptions for E.N. for all years and M.N. for odd-numbered years as long as he is current on his child support

---

[2] It is the policy of the Court to refer to a minor by his or her initials. See Rule 27(a)(3). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

obligations.[3]  The support order further provides that the custodial and noncustodial parents are to sign the Federal income tax dependency exemption waiver.  Petitioner was current on his child support obligations during the taxable year 2007.

Petitioner claimed dependency exemption deductions and child tax credits for E.N. and M.N. on his Form 1040, U.S. Individual Income Tax Return, for 2007.  Petitioner attached Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to his return.  Ms. Nyquist had refused to sign the Form 8332.  Petitioner also attached to his Form 1040 copies of three letters he sent to the Internal Revenue Service (IRS) stating that for taxable year 2007 Ms. Nyquist had claimed the dependency exemption deductions and child tax credits for E.N. and M.N. in violation of the support order.

OPINION

I. Burden of Proof

Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue.  Accordingly, petitioner bears the burden of proof.  See Rule 142(a).

---

[3]  The parties stipulated that petitioner is entitled to claim dependency exemption deductions for E.N. for odd-numbered years and M.N. for all years.  The support order, however, provides that petitioner is entitled to claim dependency exemption deductions for E.N. every year and M.N. for odd-numbered years.  This inconsistency does not affect the outcome of this case.

## II. Dependency Exemption Deductions

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a qualifying child or a qualifying relative. Sec. 152(a). The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent. A qualifying child must meet four requirements for the taxpayer to be allowed the deduction. See sec. 152(c)(1)(A)-(D). The pertinent factor here is the residence requirement: the individual must have the same principal place of abode as the taxpayer for more than one-half of the taxable year.[4] Sec. 152(c)(1)(B).

E.N. and M.N. resided with Ms. Nyquist for more than one-half of the taxable year 2007. Therefore, E.N. and M.N. are not the qualifying children of petitioner under section 152(c).

A qualifying relative must satisfy four requirements for the taxpayer to be allowed the deduction. See sec. 152(d)(1)(A)-(D). The two pertinent requirements here are that (1) the taxpayer must provide over one-half of the individual's support for the taxable year and (2) the individual must not be a qualifying

---

[4] Respondent does not question that petitioner meets the relationship, age, and support requirements. See sec. 152(c)(1)(A), (C), (D).

child of the taxpayer or of any other taxpayer for the taxable year.  Sec. 152(d)(1)(C) and (D).

Petitioner did not substantiate that he provided over one-half of E.N.'s and M.N.'s support from all sources in 2007. Petitioner also failed to establish that E.N. and M.N. were not the qualifying children of any other taxpayer for 2007, e.g., Ms. Nyquist.  Accordingly, E.N. and M.N. are not petitioner's qualifying relatives under section 152(d).

Section 152(e)(1), however, provides a special rule whereby a noncustodial parent may be entitled to claim a dependency exemption deduction for a child notwithstanding the residency requirement of section 152(c)(1)(B), the support requirement of section 152(d)(1)(C), and the so-called tie-breaking rule of section 152(c)(4).  A child will be treated as the noncustodial parent's qualifying child or qualifying relative if five requirements are met.  See sec. 152(e)(1) and (2).  The relevant requirements here are that the custodial parent sign a written declaration (in such manner and form as the Secretary may prescribe) that the custodial parent will not claim the child as a dependent and that the noncustodial parent attach that declaration to the noncustodial parent's return for the taxable year.  Sec. 152(e)(2)(A) and (B).

The IRS issued Form 8332 in order to standardize the written declaration required by section 152(e).  See, e.g., <u>Chamberlain</u>

v. Commissioner, T.C. Memo. 2007-178.  Form 8332 requires a taxpayer to furnish:  (1) The name of the child; (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction; (3) the Social Security number of the custodial parent; (4) the signature of the custodial parent; (5) the date of the custodial parent's signature; and (6) the year(s) for which the claims were released.  See Miller v. Commissioner, 114 T.C. 184, 190 (2000).  Although taxpayers are not required to use Form 8332, any other written declaration executed by the custodial parent must conform to the substance of Form 8332.  See id. at 189.  Section 152(e) allows a noncustodial parent to claim the dependency exemption deduction only when that parent attaches a valid Form 8332 or its equivalent to a Federal income tax return for the taxable year for which he or she claims the dependency exemption deduction.  See Paulson v. Commissioner, T.C. Memo. 1996-560.

Ms. Nyquist did not sign the Form 8332 that petitioner attached to his Form 1040.  Therefore, petitioner failed to attach a properly executed Form 8332.[5]

Accordingly, we find that E.N. and M.N. are not treated as petitioner's qualifying children or qualifying relatives under

---

[5]  Additionally, the letters petitioner attached to his Form 1040 did not constitute a written declaration conforming to the substance of Form 8332 because none of the letters was signed by Ms. Nyquist.

section 152(e), and therefore petitioner is not entitled to the dependency exemption deductions for them.

## III. Child Tax Credits

A taxpayer may claim a child tax credit for "each qualifying child". Sec. 24(a). A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17. Sec. 24(c)(1).

Because we have determined that E.N. and M.N. were not petitioner's qualifying children, it follows that petitioner is not entitled to the child tax credits for them.

We are not unsympathetic to petitioner's position. We also realize that the statutory requirements may seem to work harsh results on taxpayers, such as petitioner, who are current in their child support obligations and who are entitled to claim the dependency exemption deductions or child tax credits under the terms of a child support order. However, we are bound by the statute as written and the accompanying regulations when consistent therewith. Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986); Brissett v. Commissioner, T.C. Memo. 2003-310.

To reflect the foregoing,

Decision will be entered

for respondent.