T.C. Memo. 2012-49

UNITED STATES TAX COURT

LUIS SANTANA AND FLOR E. VARGAS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12662-10.                    Filed February 22, 2012.

Luis Santana and Flor E. Vargas, pro se.

Vivian N. Rodriguez, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a $2,888 deficiency in

petitioners' Federal income tax for 2008.  The issues for decision are:  (1) whether

petitioners are entitled to a dependency exemption deduction for C.S.;[1] and (2) whether petitioners are entitled to an earned income credit.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Florida when the petition was filed.

Petitioner Luis Santana was formerly married to Maria Rodriguez. They had two children, E.S. and C.S. Mr. Santana and Ms. Rodriguez were divorced on November 21, 2001. In connection with their divorce Mr. Santana and Ms. Rodriguez entered into a family mediation unit agreement (mediation agreement). The mediation agreement designates Ms. Rodriguez as the "primary residential parent". During 2008 C.S. resided with Ms. Rodriguez for more than one-half of the year.

The mediation agreement states that for the purposes of Federal income tax exemptions Ms. Rodriguez is allowed to claim C.S. and petitioner is allowed to claim E.S. as long as he is current on his child support obligation. Upon E.S.'

---

[1] It is the policy of the Court to refer to a minor by his or her initials. See Rule 27(a)(3). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

reaching the age of majority, Mr. Santana and Ms. Rodriguez are to claim C.S. in alternate years as long as Mr. Santana is current on his child support obligation. Although the mediation agreement does not specify who is entitled to claim C.S. first after E.S. reached the age of majority, Ms. Rodriguez did. Ms. Rodriguez claimed C.S. for an odd-numbered year, and Mr. Santana subsequently started claiming C.S. for even-numbered years. In 2008 Mr. Santana was current on his child support obligation.

Petitioners reported $17,433 of self-employment income and claimed an earned income credit on their Form 1040, U.S. Individual Income Tax Return, for 2008. They also claimed a dependency exemption deduction for C.S. Petitioners did not attach Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any written declaration with respect to C.S. to their 2008 return. Petitioners did not ask Ms. Rodriguez to sign a Form 8332 or any other document declaring that she would not claim C.S. as a dependent.

OPINION

I. Burden of Proof

Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with

regard to any factual issue. Accordingly, petitioners bear the burden of proof. <u>See</u> Rule 142(a).

## II. <u>Dependency Exemption Deduction</u>

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a qualifying child or a qualifying relative. Sec. 152(a). The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent. A qualifying child must meet four requirements for the taxpayer to qualify for the deduction. <u>See</u> sec. 152(c)(1)(A)-(D). The pertinent factor here is the residence requirement: The individual must have the same principal place of abode as the taxpayer for more than one-half of the taxable year.[2] Sec. 152(c)(1)(B).

Mr. Santana has not demonstrated that C.S. lived with him for more than one-half of 2008. Thus, C.S. is not Mr. Santana's qualifying child under section 152(c). <u>See</u> sec. 152(c)(1)(B).

A qualifying relative must satisfy four requirements for the taxpayer to qualify for the deduction. <u>See</u> sec. 152(d)(1)(A)-(D). The two pertinent requirements are

---

[2] Respondent does not question that Mr. Santana meets the relationship requirement, the age requirement, or the support requirement.

that the taxpayer provide over one-half of the individual's support for the taxable year and that the individual not be a qualifying child of the taxpayer or of any other taxpayer for the taxable year. Sec. 152(d)(1)(C) and (D).

Mr. Santana did not substantiate the amount of C.S.' support from all sources in 2008. Mr. Santana also did not establish that C.S. was not a qualifying child of any other taxpayer for 2008 (e.g., Ms. Rodriguez). Therefore, C.S. is not Mr. Santana's qualifying child under section 152(d).

Section 152(e)(1), however, provides a special rule whereby a noncustodial parent may be entitled to claim a dependency exemption deduction for a child notwithstanding the residency requirement of section 152(c)(1)(B), the support requirement of section 152(d)(1)(C), and the so-called tie-breaking rule of section 152(c)(4). A child will be treated as the noncustodial parent's qualifying child or qualifying relative if five requirements are met. See sec. 152(e)(1) and (2). The relevant requirements here are that the custodial parent sign a written declaration, in such manner and form as the Secretary may prescribe, that the custodial parent will not claim the child as a dependent and that the noncustodial parent attach that declaration to the noncustodial parent's return for the taxable year. Sec. 152(e)(2)(A) and (B).

The Internal Revenue Service issued Form 8332 in order to standardize the written declaration required by section 152(e). See, e.g., Chamberlain v. Commissioner, T.C. Memo. 2007-178. Form 8332 requires a taxpayer to furnish: (1) the name of the child; (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction; (3) the Social Security number of the custodial parent; (4) the signature of the custodial parent; (5) the date of the custodial parent's signature; and (6) the year(s) for which the claims were released. See Miller v. Commissioner, 114 T.C. 184, 190 (2000), aff'd on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). Although taxpayers are not required to use Form 8332, any other written declaration executed by the custodial parent must conform to the substance of Form 8332.[3] See id. at 189. Section 152(e) allows a noncustodial parent to claim the dependency exemption deduction only when that parent attaches a valid Form 8332 or its equivalent to a Federal income tax return for the taxable year for which he or she claims the dependency exemption deduction. See Paulson v. Commissioner, T.C. Memo. 1996-560.

---

[3] For cases applying sec. 152(e), see King v. Commissioner, 121 T.C. 245, 252 (2003), Gessic v. Commissioner, T.C. Memo. 2010-88, Loffer v. Commissioner, T.C. Memo. 2002-298, and Bramante v. Commissioner, T.C. Memo. 2002-228.

Petitioners did not attach Form 8332 or its equivalent to their Form 1040. Even if petitioners had attached the mediation agreement, they still would not have satisfied the requirements of section 152(e)(2). The mediation agreement contains a provision for Mr. Santana to share the deduction with his ex-wife in alternating years once there is only one eligible child. This alternating years provision does not specify which parent--Mr. Santana or Ms. Rodriguez--claims C.S. first once E.S. reaches the age of majority. Because the mediation agreement does not specify which parent was entitled to claim C.S. first, we cannot determine whether it is Mr. Santana's or Ms. Rodriguez's year to claim C.S. under the mediation agreement. Because this alternating years provision is so ambiguous, there is no explicit declaration of Ms. Rodriguez releasing her right as the custodial parent to claim C.S. for the year in issue. See Boltinghouse v. Commissioner, T.C. Memo. 2003-134 (separation agreement was not so ambiguous that it failed to actually disclaim custodial parent's right to exemption); White v. Commissioner, T.C. Memo. 1996-438 (letter did not substantively conform to Form 8332 because it failed to explicitly state that custodial parent would not claim minor children).

Accordingly, we find that C.S. is not treated as Mr. Santana's qualifying child or qualifying relative under section 152(e), and therefore petitioners are not entitled to the dependency exemption deduction for C.S. for 2008.[4]

III. Earned Income Credit

Section 32(a) provides an earned income credit for an eligible individual for so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount. To be entitled to an earned income credit for the 2008 tax year, married filing jointly taxpayers must have earned income and adjusted gross income for the taxable year each less than: (i) $41,646 with two or more qualifying children; (ii) $36,995 with one qualifying child; or (iii) $15,880 with no qualifying children. Sec. 32(b)(2), (j)(1); Rev. Proc. 2007-66, sec. 3.07, 2007-2 C.B. 970, 973. Earned income includes wages, salaries, tips, and other employee compensation plus net earnings from self-employment. Sec. 32(c)(2)(A). The term "qualifying child", for purposes of section 32, means a qualifying child as defined in section 152(c) without regard to section 152(c)(1)(D) and (e). Sec. 32(c)(3)(A).

---

[4] Because the decree is fatally ambiguous, we do not need to reach respondent's arguments regarding the conditionality of the mediation agreement or lack of Social Security numbers.

As discussed above, C.S. is not a qualifying child of Mr. Santana.[5]  Thus, for purposes of section 32, petitioners have no qualifying children.  Petitioners reported $17,433 of net earnings from self-employment and $18,949 of adjusted gross income, making them ineligible for an earned income credit.  Consequently, respondent's determination is sustained.

We are not unsympathetic to petitioners' position.  We also realize that the statutory requirements may seem to work harsh results to taxpayers, such as Mr. Santana, who are current in their child support obligations and who are entitled to claim the dependency exemption deductions under the terms of a child support order.  However, we are bound by the statute as it is written and the accompanying regulations when consistent therewith.  Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986); Brissett v. Commissioner, T.C. Memo. 2003-310.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[5] This remains true even without regard to sec. 152(c)(1)(D) and (e).