T.C. Memo. 2012-185

UNITED STATES TAX COURT

YORON D. ISRAEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18868-10L.                    Filed July 5, 2012.

Yoron D. Israel, pro se.

<u>Michael R. Fiore</u>, <u>Janet F. Appel</u>, and <u>Erika B. Cormier</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to a notice of

determination concerning collection action that declined to consider the underlying

liability but approved an installment agreement with respect to petitioner's unpaid

Federal income tax for 2007.  The underlying deficiency resulted from disallowance

of claimed exemptions for petitioner's children and related adjustments. The deficiency was assessed after petitioner failed to petition this Court in response to a notice of deficiency that he received. The issue for decision is whether the refusal to consider the underlying liability was an abuse of discretion. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Massachusetts at the time he filed his petition.

Petitioner was divorced from his former wife in 2000. The divorce decree granted the parties joint custody of their three children, designated petitioner's former wife the "parent of primary residence", and directed that petitioner had the right to claim exemptions for all three children on his income tax returns for all odd years commencing in 2001.

Petitioner claimed exemptions for the three children on his 2007 Federal income tax return in accordance with the divorce decree. He attached to his tax return a copy of the divorce decree. He did not, however, attach to his return a written declaration signed by his former wife that she would not claim the children,

or any one of them, as dependents for 2007. He was contacted by the Internal Revenue Service (IRS) and advised that he needed to obtain a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. Subsequent efforts by petitioner to obtain the required form or other declaration were unsuccessful, even though pursued in part through actions in the court in Massachusetts that granted the decree and in a court in Arizona, where his former wife had moved.

In a notice of deficiency sent March 13, 2009, the IRS disallowed the claimed dependency exemptions and made related adjustments. The notice of deficiency sent by certified mail was returned unclaimed and had not been received as of April 13, 2009, when petitioner requested that a copy be mailed by regular mail. Petitioner was then working with the Taxpayer Advocate Service in an attempt to resolve the issue and missed the deadline for filing a petition in this Court. A petition that he filed on March 4, 2010, was dismissed for lack of jurisdiction on June 17, 2010.

The deficiency was assessed after the time for filing a petition in this Court had passed. On February 22, 2010, the IRS sent to petitioner a final notice of intent to levy and notice of his right to a hearing under section 6330. Petitioner requested a hearing, stating as his reason that he was "not liable for the taxes indicated, due to

legal reasons." After a hearing in which the settlement officer determined that petitioner could not challenge the liability because of the prior opportunity to do so, a collection alternative in the form of an installment agreement was reached.

OPINION

In the petition in this case and at trial, petitioner continued to dispute the underlying liability, contending that he is entitled to the dependency exemptions claimed for his three children in 2007. However, that challenge to the underlying liability is precluded by section 6330(c)(2)(B), which provides: "The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."

The statutory preclusion just quoted might end the matter, as suggested by respondent's two summary judgment motions filed in this case but denied because respondent failed to establish that there were no genuine issues of material fact in dispute and that judgment could be rendered as a matter of law. Because petitioner's efforts have been consistent and in good faith, we believe he is entitled

to an explanation of why those exemptions were disallowed.  So far as the record

reflects, he has not been given an adequate explanation.

The historic explanation appears in <u>Miller v. Commissioner</u>, 114 T.C. 184,

187-189 (2000), <u>aff'd on another ground sub nom.</u> <u>Lovejoy v. Commissioner</u>, 293

F.3d 1208 (10th Cir. 2002), as follows:

> Prior to 1985, the definition of dependent led to substantial controversy in cases involving divorced or separated taxpayers because determining which parent provided over one-half of a child's support presented difficult issues of proof and substantiation.  See H. Rept. 98-432 (Part 2), at 1498 (1984).  In 1984, Congress amended section 152(e) to simplify the rules for determining which parent properly may claim the dependency exemption(s) for Federal income tax purposes. See Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 423(a), 98 Stat. 799.

> The pertinent parts of section 152(e) as amended provide:

> "SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--

>> (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--

>>> (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--

>>>> (i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

(2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year."

\*      \*      \*      \*      \*      \*      \*

Although section 152(e) was amended effective for years beginning after December 31, 1984, the only regulations promulgated with respect to section 152(e) since its amendment in 1984 are temporary regulations.  Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra, provides that a noncustodial parent may

claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year." The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332. See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra. The exemption may be released for a single year, for a number of specified years, or for all future years "as specified in the declaration." Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., supra.

     [Fn. refs. omitted.]

Permanent regulations under section 152 were adopted for taxable years beginning after July 2, 2008. See T.D. 9408, 2008-2 C.B. 323. While repeating the essential provisions of the temporary regulations, section 1.152-4(e), Income Tax Regs., provides in part:

     (e) Written declaration.--(1) Form of declaration.--

     (i) In general.--The written declaration under paragraph (b)(3)(i) of this section must be an unconditional release of the custodial parent's claim to the child as a dependent for the year or years for which the declaration is effective. A declaration is not unconditional if the custodial parent's release of the right to claim the child as a dependent requires the satisfaction of any condition, including the noncustodial parent's meeting of an obligation such as the payment of support. A written declaration must name the noncustodial parent to whom the exemption is released. A written declaration must specify the year or years for which it is effective. A written declaration that specifies all future years is treated as specifying the first taxable year after the taxable year of execution and all subsequent taxable years.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(5) Written declaration executed in a taxable year beginning on or before July 2, 2008.--A written declaration executed in a taxable year beginning on or before July 2, 2008, that satisfies the requirements for the form of a written declaration in effect at the time the written declaration is executed, will be treated as meeting the requirements of paragraph (e)(1) of this section.  Paragraph (e)(3) of this section applies without regard to whether a custodial parent executed the written declaration in a taxable year beginning on or before July 2, 2008.

As unfair as it may seem to petitioner, the statute, regulations, and numerous cases subsequent to Miller v. Commissioner, 114 T.C. at 187-189, compel the conclusion that his former wife's failure to execute the required declaration defeats his claim to the exemptions for 2007.  See Santana v. Commissioner, T.C. Memo. 2012-49; Nixon v. Commissioner, T.C. Memo. 2011-249; Briscoe v. Commissioner, T.C. Memo. 2011-165; Himes v. Commissioner, T.C. Memo. 2010-97; Gessic v. Commissioner, T.C. Memo. 2010-88; Thomas v. Commissioner, T.C. Memo. 2010-11.

Because petitioner has not contested the agreement for an installment payment of the liability or otherwise challenged the determination, the notice of determination will be sustained and

Decision will be entered for

respondent.