T.C. Summary Opinion 2012-121

UNITED STATES TAX COURT

JACKSON M. BROWNING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7312-10S.                    Filed December 20, 2012.

Jackson M. Browning, pro se.

<u>Tamara L. Kotzker</u> and <u>Robert A. Varra</u>, for respondent.

SUMMARY OPINION

GALE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated all section references are to the Internal Revenue Code of 1986 as in effect for the year at issue and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,250 deficiency in petitioner's 2007 Federal income tax. The issues for decision are whether petitioner is entitled to a dependency exemption deduction, a child tax credit, and a dependent care credit for his son for the 2007 taxable year.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and accompanying exhibits are incorporated herein by this reference.

Petitioner's son, H.B., was born in 2004.[2] Petitioner and H.B.'s mother, Dane Gallardo, never married and were living separately throughout 2007. Permanent orders issued by the District Court, Adams County, Colorado (State court), following a hearing held on May 7, 2007, adjudicated petitioner the natural father of H.B., granted him 38 hours of regular parenting time per week and additional parenting time on specified holidays, and ordered him to pay monthly

---

[1](...continued)
Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

[2]Pursuant to Rule 27(a)(3) we refer to minor children by their initials.

child support to Ms. Gallardo. Petitioner and Ms. Gallardo had split the custody of H.B. evenly before May 2007 and strictly abided by the custody provisions of the permanent orders thereafter. Thus, Ms. Gallardo had custody of H.B. for the greater portion of 2007.

The permanent orders required petitioner and Ms. Gallardo to alternate claiming the "tax dependency exemption" for H.B. They granted petitioner the right to claim the exemption for 2007 and succeeding odd-numbered years and Ms. Gallardo the right to claim the exemption for 2008 and succeeding even-numbered years. Petitioner was not entitled to claim H.B. as a dependent for a given year unless he had paid all court-ordered child support for that year. The permanent orders were signed by Ms. Gallardo's attorney indicating they were "approved as to form" but not by Ms. Gallardo personally.

Petitioner timely filed his Federal income tax return for 2007. Therein, he claimed with respect to H.B. a dependency exemption deduction of $3,400; a $1,000 child tax credit; and a $2,400 dependent care credit. Petitioner did not submit a Form 8332, Release of Claim to Exemption for Child of Divorced or

Separated Parents, with his return, nor did he ask Ms. Gallardo to execute such a form before filing his return.[3]

On December 28, 2009, respondent timely issued to petitioner a notice of deficiency wherein he disallowed the dependency exemption deduction, child tax credit, and dependent care credit claimed by petitioner for 2007 with respect to H.B. and determined a $3,250 deficiency.[4]

In early 2011 petitioner asked Ms. Gallardo to execute a Form 8332 for 2007. By letter to petitioner dated February 1, 2011, Ms. Gallardo's attorney took the position that Ms. Gallardo was not obligated to execute a Form 8332 for 2007 because petitioner had not paid all the child support required by the permanent orders. In an effort to compel Ms. Gallardo to execute the form petitioner sought a

---

[3]As discussed infra, Form 8332 is the document by which a parent entitled to a dependency exemption by virtue, inter alia, of having custody of a child for the greater portion of a calendar year (the "custodial parent") can release his or her claim to a dependency exemption to the other parent (the "noncustodial parent"). See sec. 152(e)(2), (4); sec. 1.152-4(e)(1), Income Tax Regs.

[4]We note that the amount of the credits disallowed on the face of the notice of deficiency ($3,400) exceeds the determined deficiency ($3,250). A Form 4549, Income Tax Examination Changes, accompanying the notice of deficiency credits petitioner with reporting $1,602 of total tax due on his return; however, the copy of petitioner's return stipulated by the parties reports total tax due of $942. A Schedule of Adjustments attached to the notice of deficiency indicates that the $660 discrepancy likely resulted from respondent's treating petitioner as having claimed a dependent care credit of $1,740 rather than the $2,400 shown on the return.

remedial contempt order from the State court that would direct Ms. Gallardo to execute a Form 8332 for 2007 with respect to the dependency exemption claim for H.B.

Action on petitioner's request for a remedial contempt order was pending at the time of trial in this case. After the trial in this case, on the day set by the State court for the hearing on remedial contempt, Ms. Gallardo executed a Form 8332 on which she agreed not to claim an exemption with respect to H.B. for 2007. The form, on which Ms. Gallardo's signature is dated June 27, 2012, was received into evidence pursuant to the parties' stipulation.

## Discussion

I.     Dependency Exemption Deduction

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a "qualifying child" or a "qualifying relative". Sec. 152(a).

An individual who meets the four requirements in section 152(c)(1)(A)-(D) with respect to a taxpayer is a qualifying child of that taxpayer. The pertinent factor in this case is the residence requirement: to be a qualifying child the individual must have the same principal place of abode as the taxpayer for more than one-half of the taxable year. Sec. 152(c)(1)(B). H.B. did not reside with petitioner for more than

one-half of 2007. Accordingly, H.B. was not petitioner's qualifying child under section 152(c) for that year.

An individual who meets the four requirements in section 152(d)(1)(A)-(D) with respect to the taxpayer is a qualifying relative. The two pertinent requirements here are that (1) the taxpayer must provide over one-half of the individual's support for the taxable year and (2) the individual must not be a qualifying child of the taxpayer or any other taxpayer for the taxable year. Sec. 152(d)(1)(C) and (D). Petitioner did not prove that he provided over one-half of H.B.'s support in 2007. He also failed to establish that H.B. was not the qualifying child of another taxpayer for 2007, e.g., Ms. Gallardo. Accordingly, H.B. was not petitioner's qualifying relative under section 152(d).

However, section 152(e) provides a special rule for parents who are seperated, divorced, or living apart for the last six months of the calendar year under which a child can be treated as the qualifying child or qualifying relative of the noncustodial parent[5] notwithstanding the residence requirement of section 152(c)(1)(B) or the support requirement of section 152(d)(1)(C). Under section

---

[5]Because Ms. Gallardo had custody of H.B. for the greater portion of 2007, she was the custodial parent, and petitioner was the noncustodial parent, for that year. See supra note 3.

152(e)(1) and (2)(A) and (B), a child that receives over one-half of his support during the calendar year from his parents, and is in the custody of one or both of his parents for more than one-half of the calendar year,[6] shall be treated as the qualifying child of the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The Internal Revenue Service (IRS) issued Form 8332 to standardize the written declaration required by section 152(e)(2)(A).[7] See Nixon v. Commissioner, T.C. Memo. 2011-249. The temporary regulation applicable for a taxable year beginning in 2007 required that a noncustodial parent claiming a dependency exemption under section 152(e)(2) attach to his or her return either a completed

---

[6]We are satisfied, on the basis of petitioner's testimony and the terms of the permanent orders, that H.B. received over one-half of his support from, and resided for more than one-half of the calendar year with, his parents during 2007. Respondent does not contend otherwise.

[7]Form 8332 requires: (1) the name of the child; (2) the signature of the custodial parent confirming his or her consent not to claim an exemption for the child; (3) the year(s) for which the claim is being released; (4) the date of the custodial parent's signature; (5) the custodial parent's Social Security number; and (6) the name and Social Security number of the noncustodial parent. See Miller v. Commissioner, 114 T.C. 184, 190 (2000).

Form 8332 or a document conforming to the substance of Form 8332.[8]  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[9]

Before its amendment in 1984, section 152(e) allowed a noncustodial parent to claim a child as a dependent if he or she provided a threshold amount of support for the child during the taxable year and the custodial parent failed to clearly establish that he or she provided more support than the noncustodial parent.  See Deficit Reduction Act of 1984, Pub. L. No. 98-369, sec. 423(a), 98 Stat. at 799; H.R. Rept. No. 98-432 (Part 2), at 1498 (1984), 1984 U.S.C.C.A.N. 687, 1139; H.R. Conf. Rept. No. 98-861, at 118 (1984), 1984-3 C.B. (Vol. 2) 1, 372.  The former rule often presented difficult problems of proof and substantiation and caused the IRS to become involved in disputes between parents over levels of

---

[8]The State court permanent orders are not a valid substitute for a Form 8332 in this case because they do not bear Ms. Gallardo's signature, but only her attorney's, approving the documents as to form.  See  Miller v. Commissioner, 114 T.C. at 192-193.

[9]The temporary regulation was replaced by a permanent regulation effective for taxable years beginning after July 2, 2008.  T.D. 9408, 2008-2 C.B. (Vol. 1) 323, 329; see also sec. 1.152-4, Income Tax Regs.  The permanent regulation similarly requires a noncustodial parent claiming a dependency exemption to attach a completed Form 8332 or conforming document to his or her return; however, under the permanent regulation, a written declaration not on a Form 8332 must be a document executed for the sole purpose of serving as a written declaration under sec. 1.152-4, Income Tax Regs.

support.  H.R. Rept. No. 98-432 (Part 2), supra at 1498-1499, 1984 U.S.C.C.A.N. at 1139-1140.  Congress amended section 152(e) to provide the exemption to the custodial parent (without regard to the parents' relative support) unless the custodial parent expressly waives his or her right to the exemption in writing, thereby providing a bright-line rule which did not require IRS involvement in support disputes.  Id. at 1499, 1984 U.S.C.C.A.N. at 1140; see also Armstrong v. Commissioner, 139 T.C. ___, ___ (slip op. at 14) (Dec. 19, 2012).  Consistent with congressional intent we have required strict adherence to section 152(e)(2) and the applicable regulations.  See Miller v. Commissioner, 114 T.C. 184, 196 (2000).

Section 152(e)(2) provides that a noncustodial parent may claim the dependency exemption for a child if the noncustodial parent attaches the custodial parent's signed, written waiver (in a form prescribed by regulations) to his or her return for the taxable year.  We have concluded in a number of cases that a noncustodial parent who fails to attach a Form 8332 to his or her return as filed is ineligible to claim the dependency exemption.  See Santana v. Commissioner, T.C. Memo. 2012-49; Espinoza v. Commissioner, T.C. Memo. 2011-108; Chamberlain v. Commissioner, T.C. Memo. 2007-178; Brissett v. Commissioner, T.C. Memo. 2003-310; Paulson v. Commissioner, T.C. Memo. 1996-560; Presley v. Commissioner, T.C. Memo. 1996-553.  Here, petitioner did not obtain a signed

Form 8332 from Ms. Gallardo until June 27, 2012,[10] after she had already claimed the dependency exemption for H.B. and the period of limitations for her 2007 taxable year had almost certainly closed.[11] Thus, allowing petitioner the deduction at this juncture would result in the dependency exemption for H.B. having been deducted twice for 2007.

For the foregoing reasons, we conclude that petitioner has not satisfied the requirements of section 152(e)(2) and is therefore not entitled to claim a dependency exemption for H.B. for 2007.

II.    Child Tax Credit

Section 24(a) allows a credit for each "qualifying child" of a taxpayer. A "qualifying child" for this purpose is a qualifying child as defined in section 152(c) who has not attained the age of 17. Sec. 24(c)(1). Since we have determined above that H.B. was not petitioner's qualifying child for 2007 within the meaning of section 152(c), even as augmented by the special rule of section

---

[10]In contrast, the document signed by the custodial parent in Armstrong v. Commissioner, 139 T.C. ___, ___ (slip op. at 4-5) (Dec. 19, 2012), existed at the time the noncustodial parent filed his return, but was not submitted with the return.

[11]Respondent contends that the period of limitations for Ms. Gallardo's 2007 taxable year has closed and that she claimed a dependency exemption for H.B. for that year. Petitioner has not disputed the foregoing.

152(e), it follows that petitioner is not entitled to a child tax credit for H.B for 2007.[12] See Himes v. Commissioner, T.C. Memo. 2010-97.

III.     Dependent Care Credit

Section 21 allows a credit to taxpayers with respect to whom there are one or more "qualifying individuals" equal to a percentage of the "employment-related expenses" paid by the taxpayer during the taxable year. For purposes of section 21 a "qualifying individual" includes a dependent (as defined in section 152(a)(1)) who has not attained age 13. Sec. 21(b)(1). Generally, "employment-related expenses" include expenses for household services and care of a qualifying individual incurred to enable the taxpayer to be gainfully employed. Sec. 21(b)(2). Because we have determined that H.B. was not petitioner's dependent under section 152 for 2007, even taking into account the special rule of section 152(e) for parents living apart, petitioner is not entitled to a credit under section 21. Moreover, even if H.B. had qualified as petitioner's dependent under the special

---

[12]While the cross-reference in sec. 24(c)(1) to sec. 152(c) does not expressly incorporate the special rule of sec. 152(e), the legislative history shows that Congress intended such an incorporation. See H.R. Conf. Rept. No. 108-696, at 62-65 (2004), 2004 U.S.C.C.A.N. 1029, 1057-1060; Staff of J. Comm. on Taxation, General Explanation of Tax Legislation Enacted in the 108th Congress, at 127-128 (J. Comm. Print 2005).

rule of section 152(e), the dependent care credit is available only to the custodial parent in these circumstances.  See sec. 21(e)(5).

IV.    Conclusion

While the result with respect to the dependency exemption and child tax credit may seem harsh in this case, given that petitioner was entitled under the terms of the State court's permanent orders to have Ms. Gallardo provide to him a Form 8332 on a timely basis, her failure to do so cannot be remedied in this proceeding. We are a court of limited jurisdiction, generally lacking equitable powers, and must apply the Federal tax statutes and regulations as written.  As previously discussed, section 152(e) was intended by Congress to preclude the IRS (and the Federal courts) from becoming embroiled in disputes between parents over child support issues and the like.  Petitioner's remedy, if any, for Ms. Gallardo's failure to comply with the permanent orders by providing him with a timely executed Form 8332 lies with the State court.  Accordingly, we sustain the deficiency respondent determined in petitioner's 2007 income tax.

To reflect the foregoing,

Decision will be entered for

respondent.